IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARK BAGINSKI,<br>    60 Burr Street<br>    Cranston, RI 02920<br><br>    Plaintiff,<br><br>          v.<br><br>LORETTA LYNCH,<br>    Attorney General of the United States<br>    950 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20530-0001<br><br>          and<br><br>THOMAS E. BRANDON,<br>    Acting Director of the Bureau of Alcohol,<br>    Tobacco, Firearms and Explosives,<br>    99 New York Avenue, N.E,<br>    Washington, D.C. 20226<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case. No. 1:15-CV-1225-RC |

**FIRST AMENDED COMPLAINT**

Now comes Plaintiff Mark Baginski, by and through undersigned counsel, and complains of Defendants as follows:

THE PARTIES

1.     Plaintiff Mark Baginski is a natural person and citizen of the State of Rhode Island and of the United States. Mr. Baginski presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by Defendants' active enforcement of unconstitutional policies complained of in this action.

2. Defendant Loretta Lynch is the Attorney General of the United States, and as such is responsible for executing and administering laws, customs, practices, and policies of the United States. In that capacity, Ms. Lynch is presently enforcing the laws, customs, practices and policies complained of in this action.

3. Defendant Thomas E. Brandon is sued in his capacity as the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). As Director of BATFE, Brandon is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1346, 2201, and 2202.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

*Plaintiff's Background*

6. Plaintiff Baginski is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

7. On January 30, 2004, Baginski was convicted by the Trial Court of Massachusetts, Pittsfield District Court, of violating Mass. Gen. Law c. 90, § 24(1)(a)(1), which prohibits operating

a motor vehicle while under the influence of alcohol. That offense is capable of being punished by imprisonment of up to two and a half years. As the statute does not provide for imprisonment in the state prison, it is classified by Massachusetts law as a misdemeanor. Mass. Gen. Law c. 274, § 1; *see, e.g. Commonwealth* v. *Grise*, 398 Mass. 247, 250 (1986).

8. Baginski was sentenced to one year probation, ordered to pay various costs and fines, required to attend an alcohol awareness class, and lost his ability to drive in Massachusetts for 225 days.

9. Save for minor traffic infractions, Baginski has not been convicted of any crimes other than the sole Massachusetts conviction for driving under the influence.

10. Baginski is a responsible, law-abiding American citizen. Baginski votes and pays his taxes. He holds a Connecticut gaming license, and remains employed, as he has since November, 1996 without incident, in positions of significant trust at a casino—working his way up from dealer to floor supervisor of table games.

11. Baginski has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen.

12. Rhode Island law does not prohibit Baginski from possessing or carrying firearms.

*Defendants' Regulatory Scheme*

13. Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by a prison sentence of up to ten years. See 18 U.S.C. § 924(a)(2).

14. The term "crime punishable by imprisonment for a term exceeding one year" "does not include . . . (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20). Defendants have taken the position that the term "crime punishable by imprisonment for a term exceeding one year" includes state misdemeanors carrying statutory sentencing ranges exceeding two years, without regard to any mandatory minimum sentence, such as Section 24(1)(a)(1).

15. Title 18, United States Code § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by a prison sentence of up to ten years. See 18 U.S.C. § 924(a)(2).

*Defendants' Thwarting of Plaintiff's Presently Intended Transactions*

16. Baginski desires and intends to possess firearms for self-defense and for defense of his family.

17. On May 25, 2010, Baginski sought to purchase a firearm for self-defense. At the conclusion of the state seven day waiting period, Baginski learned that although Rhode Island authorities cleared him to purchase the firearm, the National Instant Background Check System ("NICS") had advised that Baginski was prohibited from possessing firearms and, as a result, the transaction was canceled.

18. Baginski appealed his NICS denial, a process that required him to submit to fingerprinting. Baginski had the Warwick, Rhode Island Police Department take his fingerprints for this purpose. Prior to rolling Baginski's fingerprints, the Police Department ran a second state check on Baginski's eligibility to possess firearms under state law and again cleared him.

19. On September 16, 2010, Defendants' predecessors rejected Baginski's appeal, and stated that he was prohibited from possessing firearms pursuant to 18 U.S.C. § 922(g)(1) on account of his single Massachusetts misdemeanor conviction for driving under the influence.

20. Baginski refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm. Thus, Baginski suffers the on-going harm of being unable to obtain firearms, which he would, in fact, obtain but for Defendants' enforcement of 18 U.S.C. § 922(g)(1).

## COUNT ONE
## DECLARATORY AND INJUNCTIVE RELIEF
## INTERPRETATION OF 18 U.S.C. §§ 921(a)(20)(B), 922(g)(1)

21. The allegations of paragraphs 1 through 22 are incorporated as though fully set forth herein.

22. Baginski's conviction for misdemeanor operating a vehicle under the influence, in violation of Mass. Gen. Law c. 90, § 24(1)(a)(1), cannot be the basis for a firearms disability under 18 U.S.C. § 922(g)(1), because it is a state misdemeanor "punishable by a term of imprisonment of two years or less," 18 U.S.C. § 921(a)(20)(B).

23. Baginski is entitled to declaratory and injunctive relief barring Defendants from enforcing 18 U.S.C. § 922(g)(1) against him on account of his misdemeanor conviction for violating Mass. Gen. Law c. 90, § 24(1)(a)(1).

## COUNT TWO
## INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
## RIGHT TO KEEP AND BEAR ARMS, U.S. CONST., AMEND II

24. The allegations of paragraphs 1 through 23 are incorporated as though fully set forth herein.

25. Baginski is a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen. Baginski is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

26. On account of Mark Baginski's unique personal circumstances, including but not limited to the nature of his misdemeanor conviction, the passage of time since that conviction, Baginski's generally law-abiding record over the years, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Baginski, personally, the firearms prohibition of 18 U.S.C. § 922(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. Declaratory relief to the effect that 18 U.S.C. § 922(g)(1) cannot be applied against Mark Baginski on account of his 2004 misdemeanor conviction under Mass. Gen. Law c. 90, § 24(1)(a)(1);

2. Declaratory relief to the effect that application of 18 U.S.C. § 922(g)(1) against Baginski, on account of his 2004 Massachusetts misdemeanor conviction, violates the Second Amendment to the United States Constitution;

3. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Mark Baginski on the basis of his 2004 Massachusetts misdemeanor conviction;

4. Costs of suit;

5. Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

6. Any other further relief as the Court deems just and appropriate.

Dated: August 10, 2015            Respectfully submitted,

                                          Alan Gura (D.C. Bar No. 453449)
                                          Gura & Possessky, PLLC
                                          105 Oronoco Street, Suite 305
                                          Alexandria, VA 22314
                                          703.835.9085/Fax 703.997.7665
                                          alan@gurapossessky.com


                       By:    /s/ Alan Gura
                              Alan Gura
                              Attorney for Plaintiff