IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK BAGINSKI, | ) Case. No. 1:15-CV-1225-RC |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LORETTA LYNCH, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

NOTICE OF SUPPLEMENTAL AUTHORITY

The Southern District of Illinois is the latest court to confirm that as-applied challenges to 18 U.S.C. § 922(g)(1) are available under the Second Amendment. Denying the Government's motion to dismiss an as-applied Second Amendment challenge to Section 922(g)(1), that court observed:

> Plaintiff is not claiming that § 922 is per se unconstitutional, but instead he is arguing that it [is] unconstitutional as applied to him. An as-applied challenge is not stating that the law is unconstitutional as written, but that the law's application to a particular person under certain circumstances deprive that individual person of a constitution right.

*Hatfield* v. *Lynch*, No. 16-cv-383, 2016 U.S. Dist. LEXIS 175832, at *13 (S.D. Ill. Dec. 20, 2016) (attached).

> The government does not get a free pass simply because Congress has established a "categorical ban"; it still must prove that the ban is constitutional, a mandate that flows from *Heller* itself. *Heller* referred to felon disarmament bans only as "presumptively lawful," which, by implication, means that there must exist the possibility that the ban could be unconstitutional in the face of an as-applied challenge.

*Id.* at *14 (quoting *United States* v. *Williams*, 616 F.3d 685, 693 (7th Cir. 2010); *District of Columbia* v. *Heller*, 554 U.S. 570 (2008)).

> [P]laintiff's complaint sufficiently describes his constitutional claim in sufficient detail to give the defendant fair notice of what the claim is; the grounds upon which it rests; and

plausibly suggests that the plaintiff has a right to relief above a speculative level since the categorical bans on firearm possession are presumptively constitutional valid, but are open to possible rebuttal.

*Id*. at *15.

The Government's motion to dismiss here should likewise be denied.

Dated:  December 22, 2016          Respectfully submitted,

                                            Alan Gura (D.C. Bar No. 453449)
                                            Gura PLLC
                                            916 Prince Street, Suite 107
                                            Alexandria, VA 22314
                                            703.835.9085/Fax 703.997.7665
                                            alan@gurapllc.com

By:     /s/ Alan Gura
        Alan Gura
        Attorney for Plaintiff