## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARK BAGINSKI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:    15-1225 (RC) |
| | : | |
| v. | : | Re Document Nos.:    10, 13 |
| | : | |
| LORETTA LYNCH, *et al.* | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

Plaintiff Mark Baginski was convicted by a Massachusetts state trial court in 2004 of driving a motor vehicle while under the influence of alcohol, in violation of Massachusetts General Law chapter 90 section 24(1)(a)(1).  Under Massachusetts law, violation of that statute is considered a misdemeanor offense and carries a maximum possible penalty of two and a half years imprisonment.  Although Baginski was sentenced to only a year of probation, he is prohibited from purchasing a firearm under federal law as a consequence of his conviction, and he risks criminal prosecution if he purchases a firearm.  Section 922(g)(1) of Title 18 of the United States Code makes it unlawful for any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to ship, transport, possess, or receive firearms or ammunition.  18 U.S.C. § 922(g)(1).  Congress has excluded from that scheme only those state misdemeanor offenses that are "punishable by a term of imprisonment of two years or less."  *Id.* § 921(a)(20)(B).  In this civil action, Baginski challenges application of section 922(g)(1) to him on two grounds—one statutory and the other constitutional.  He

contends that the plain language of section 921(a)(20)(B), the misdemeanor exception, excludes

any misdemeanor offense for which an actual sentence of two years imprisonment or less is

*possible*, even if the maximum sentence available exceeds two years imprisonment.

Alternatively, Baginski claims that section 922(g)(1) is unconstitutional, as applied to him, under

the Second Amendment to the United States Constitution.  The government has now moved to

dismiss Baginski's complaint.  As stated during the January 10, 2017 status conference and

explained below, the Court will grant in part and deny in part the government's motion.

## II.  FACTUAL BACKGROUND

For purposes of resolving the government's motion to dismiss, the Court accepts all well-

pleaded factual allegations in Baginski's complaint as true, and draws all reasonable inferences

in his favor.  *See, e.g.*, *Doe v. Rumsfeld*, 683 F.3d 390, 391 (D.C. Cir. 2012).  On January 30,

2004, Baginski was convicted in a Massachusetts trial court of driving a motor vehicle under the

influence of alcohol.  *See* 1st Am. Compl. ¶ 7, ECF No. 5.  As relevant here, Massachusetts law

classifies driving under the influence as a misdemeanor, and provides that anyone convicted of

that offense "shall be punished . . . by imprisonment for not more than two and one-half years."

Mass. Gen. Laws ch. 90, § 24(1)(a)(1); *see also, e.g.*, *Commonwealth v. Savage*, 719 N.E.2d 473,

477 & n.6 (Mass. 1999) (citing section 24 and explaining that "an initial offense of operating a

motor vehicle while under the influence of liquor is a misdemeanor," but that "three convictions

in ten years for operating while under the influence is a felony").  As a result of his infraction,

Baginski was sentenced to one year of probation, lost the ability to drive in Massachusetts for

over 200 days, was ordered to pay certain fines and costs, and was ordered to attend an alcohol

awareness class.  *See* 1st Am. Compl. ¶ 8.  He was not incarcerated.  *See id.*

With the exception of minor traffic violations, Baginski alleges that he has never been convicted of any crime other than his single driving while under the influence offense. *See id.* ¶ 9. He states that he is "a responsible, law-abiding American citizen," that he "votes and pays his taxes," and represents that he "holds a Connecticut gaming license, and remains employed, as he has since November, 1996 without incident, in positions of significant trust at a casino." *Id.* ¶ 10. Baginski also alleges that he "has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen." *Id.* ¶ 11.

Despite his criminal conviction, Baginski "desires and intends to possess firearms for self-defense and for defense of his family." *Id.* ¶ 16. To that end, Baginski sought to purchase a firearm on May 25, 2010 in Rhode Island, where he resides. *See id.* ¶ 17. After the requisite seven-day waiting period, Baginski learned that the National Instant Criminal Background Check System ("NICS") "had advised that [he] was prohibited from possessing firearms." *Id.* According to Baginski's complaint, Rhode Island law would not prohibit him from possessing or carrying a firearm. *Id.* ¶ 12. But federal law, by contrast, makes it a criminal offense for a person "to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(d)(1). Under federal law, Baginski is one such person. Federal law defines a "crime punishable by imprisonment for a term exceeding one year" to include all crimes *except*, as relevant here, state misdemeanor offenses that are "punishable by a term of imprisonment of two years or less." *Id.* § 921(a)(20)(B). And federal law similarly makes it a crime for individuals convicted of qualifying offenses to ship, transport, possess, or receive firearms or ammunition. *Id.*

§ 922(g)(1).  As a result of his prior Massachusetts conviction, the firearm transaction was

canceled.  *See* 1st Am. Compl. ¶ 17.

Baginski appealed his NICS denial, during the pendency of which Rhode Island state

officials again checked Baginski's eligibility to possess a firearm under state law.  *See id.* ¶ 18.

He was again cleared.  *See id.*  His NICS appeal was denied on September 16, 2010, however,

and federal officials "stated that [Baginski] was prohibited from possessing firearms pursuant to

18 U.S.C. § 922(g)(1) on account of his single Massachusetts misdemeanor conviction for

driving under the influence."  *Id.* ¶ 19.

Baginski filed this lawsuit on July 29, 2015, against Loretta Lynch, Attorney General of

the United States, and Thomas Brandon, Acting Director of the Bureau of Alcohol, Tobacco,

Firearms, and Explosives, in their official capacities.  *See id.* ¶¶ 2–3; Compl., ECF No. 1.

Baginski seeks injunctive and declaratory relief on two counts.  Count I asserts a statutory claim,

and Baginski alleges that, pursuant to the plain language of 18 U.S.C. § 921(a)(20)(B), his

Massachusetts driving under the influence conviction falls within the safe harbor for

misdemeanor convictions capable of being punished by two years of incarceration or less and,

therefore, that 18 U.S.C. § 922(g)(1) cannot be applied to him.  *See* 1st Am. Compl. ¶¶ 21–23.

Count II alleges a constitutional claim that 18 U.S.C. § 922(g)(1) is unconstitutional under the

Second Amendment of the United States Constitution, as applied to his "unique personal

circumstances, including but not limited to the nature of his misdemeanor conviction, the

passage of time since that conviction, Baginski's generally law-abiding record over the years, his

trustworthiness with firearms[,] and the lack of danger that his possession of firearms would

pose."  *See id.* ¶ 26.

The government has filed a motion to dismiss both counts of the complaint, contending

that the plain language of 18 U.S.C. § 921(a)(20)(B) and binding precedent preclude Baginski's

statutory claim and that his constitutional claim fails.  *See generally* Defs.' Mem. P. & A. Supp.

Defs.' Mot. Dismiss ("Defs.' Mem. Supp."), ECF No. 10.  Baginski opposes the motion to

dismiss on both fronts.  *See generally* Pl.'s Mem. P. & A. Opp'n Defs.' Mot. Dismiss ("Pl.'s

Opp'n"), ECF No. 12.  Baginski has also filed a separate motion for summary judgment, and the

Court vacated the government's deadline to oppose that motion pending the Court's review of

the motion to dismiss.  *See generally* Pl.'s Mot. Summ. J., ECF No. 13; Jan. 15, 2016 Minute Order.

### III.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain

statement of the claim" in order to give the defendant fair notice of the claim and the grounds

upon which it rests.  Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(per curiam).  A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate

likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim.

*See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v.

Fitzgerald*, 457 U.S. 800 (1982).  A court considering such a motion presumes that the

complaint's factual allegations are true and construes them liberally in the plaintiff's favor.  *See,

e.g., United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  Nevertheless,

"[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means that a

plaintiff's factual allegations "must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Twombly*, 550 U.S. at 555–56 (citations omitted).  "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements," are therefore insufficient to

withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  A court need not accept a plaintiff's legal

conclusions as true, *see id.*, however, nor must a court presume the veracity of the legal

conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555.

## IV.  ANALYSIS

In this memorandum opinion, the Court will address the government's motion to dismiss

Baginski's claims on statutory grounds.[1]  For the reasons stated during the January 10, 2017 status

hearing, the Court will reject the government's motion to dismiss Count II of the complaint.

Baginski first claims that his predicate driving under the influence conviction is not "a

crime punishable by imprisonment for a term exceeding one year," as defined by 18 U.S.C.

§ 921(a)(20)(B) and, therefore, that section 922(g)(1) is not applicable to him at all.  *See* Pl.'s

Opp'n at 6–13.  Binding D.C. Circuit precedent, and the language of the statute, both dictate

otherwise.  Accordingly, the Court will grant the government's motion to dismiss Count I.

---

[1] Although the government does not raise the issue, the Court is satisfied that Baginski has standing to pursue his claims.  Baginski alleges that he "presently intends to purchase and possess a handgun and long gun for self-defense within his own home," that he "is prevented from doing so only by Defendants' active enforcement of [the] unconstitutional policies complained of in this action," and that he "refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration[,] and fine, under 18 U.S.C. § 922(g)(1)."  1st Am. Compl. ¶¶ 1, 20.  Taking the complaint's allegations as true, Baginski has demonstrated that he has a well-founded fear that the law will be enforced against him, and therefore has shown a concrete and particularized injury in fact causally connected to the government's enforcement of the statute.  *See Schrader v. Holder*, 831 F. Supp. 2d 304, 308–09 (D.D.C. 2011), *aff'd* 704 F.3d 980 (D.C. Cir. 2013) (finding standing under similar circumstances, where the plaintiff had been "denied the right to purchase guns on two occasions because he is listed in the NICS database as disqualified"); *see also Dearth v. Holder*, 641 F.3d 499, 502 (D.C. Cir. 2011) (finding standing where "the Government has denied [the plaintiff] the ability to purchase a firearm and he thereby suffers an ongoing injury").

As referenced above, section 922(g)(1) makes it unlawful for a person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to ship, transport, possess, or receive firearms or ammunition. 18 U.S.C. § 922(g)(1). But, as other courts have recognized, "the words of § 922(g)(1) do not always mean what they say." *United States v. Essig*, 10 F.3d 968, 971 (3d Cir. 1993), *superseded on other grounds by United States v. Turner*, 677 F.3d 570 (3d Cir. 2012). That is because Congress drew a distinction between those crimes that a state classifies as a felony and those that a state classifies as misdemeanors. Specifically, section 921(a)(20) defines a "crime punishable by imprisonment for a term exceeding one year," in part, by exclusion. *See* 18 U.S.C. § 921(a)(20). As relevant here, that section states that "[t]he term 'crime punishable by imprisonment for a term exceeding one year' *does not include* . . . any State offense classified by the laws of the State as a misdemeanor and *punishable by a term of imprisonment of two years or less*." *Id.* § 921(a)(20)(B) (emphasis added).

Drawing on the "commonsense meaning of the term 'punishable,'" courts have generally construed Congress's use of the phrase "punishable by" in section 922(g)(1) to refer to "any punishment capable of being imposed." *Schrader v. Holder*, 704 F.3d 980, 986 (D.C. Cir. 2013) (citing *Webster's Third New International Dictionary* 1843 (1993)); *see Webster's*, *supra*, at 1843 (defining the term "punishable" as: "deserving of, or liable to, punishment: capable of being punished by law or right"). Thus, for purposes of section 922(g)(1), courts look solely to the maximum possible punishment in determining whether a defendant's predicate conviction was for "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). For example, the Supreme Court rejected a defendant's claim that he did not fall within the statute because he was sentenced only to a period of probation, finding the actual

sentence imposed was "irrelevant." *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 113 (1983).[2]  And other courts have similarly held that the *maximum possible* sentence that can possibly be imposed—as opposed to the actual penalty to which the defendant is sentenced—is what matters when determining whether a predicate offense qualifies.  *See, e.g.*, *Schrader*, 704 F.3d at 986; *United States v. Horodner*, 993 F.2d 191, 194 (9th Cir. 1993).  If that sentence exceeds a year, then the statute applies even if the defendant received a sentence of less than a year.  Baginski does not dispute this reading.  *See* Pl.'s Opp'n at 3.

Thus, if the phrase "punishable by" as used in the misdemeanor exclusion similarly refers to the maximum possible punishment, the exception for misdemeanor offenses only excludes those predicate offenses for which the maximum possible sentence is two years or less—and for which there is thus no possibility that an individual can be sentenced to a term of imprisonment exceeding two years.  In Baginski's case, the Massachusetts misdemeanor driving under the influence offense for which he was convicted carries a potential penalty of up to two and a half years imprisonment.  *See* Mass. Gen. Laws ch. 90 § 24(1)(a)(1).  As a result—because the crime for which Baginski was convicted was punishable by a term of imprisonment for more than two years—section 922(g)(1) would appear to apply to him.

Nevertheless, Baginski claims that the phrase "punishable by" does not refer solely to the maximum penalty—at least in the misdemeanor context.  He concedes that the phrase refers to the predicate crime's potential punishment, but he argues that a crime's "potential" punishment

---

[2] Several of the cases which the Court cites in this opinion, including *Dickerson*, were abrogated on other grounds by the Supreme Court's decision in *Logan v. United States*, 552 U.S. 23 (2007), which interpreted an amendment to the statute providing an exception for convictions that have been expunged or set aside, or where an individual has been pardoned or has had his or her civil rights restored.  The relevant portions of each of the decisions the Court cites here remain good law, however, because they do not deal with that added provision.

and a crime's "maximum" punishment only align perfectly when the statute references the upper end of a sentencing range—as it does when section 922(g)(1) refers to crimes punishable by imprisonment for a term exceeding one year.  *See* Pl.'s Opp'n at 3.  Baginski claims, however, that because the misdemeanor exclusion refers to crimes for which a possible sentence falls *below* a particular term of imprisonment, the statute excludes all misdemeanors for which the court retains discretion to sentence a defendant—and thus the defendant is *capable* of being sentenced—to a term of imprisonment of two years or less.  *See id.*; *see also id.* at 7–8.  Despite the fact that Massachusetts provides for a potential term of imprisonment of up to two and a half years for driving under the influence, Baginski contends that the offense is still "'capable of being punished by' a sentence of 'two years or less," as his own sentence of probation demonstrates.  *Id.* at 7.  Moreover, because courts always retain discretion to impose a sentence below the maximum possible penalty in the absence of a statutory mandatory minimum, Baginski claims that section 921(a)(20)(B) excludes any misdemeanor offense for which there is no mandatory minimum.  *See id.* at 7–8.

Baginski's reading has some superficial appeal when the phrase "punishable by" is equated simply with "capable of being imposed" and is viewed only in the abstract. Nonetheless, the Court ultimately disagrees with Baginski's reading for several reasons.  Most importantly, as Baginski acknowledges, his argument is "foreclosed, at least in this circuit." Pl.'s Opp'n at 2.  In *Schrader v. Holder*, the D.C. Circuit concluded that a defendant's predicate conviction for a common law misdemeanor fell within section 922(g)(1)'s definition, even though the offense did not have a statutorily proscribed maximum penalty.  704 F.3d 980, 984–88 (D.C. Cir. 2013).  In the course of its discussion, and as relevant here, the circuit stated that the term "punishable," as used in the misdemeanor exclusion, "refers to the *maximum* potential

punishment a court can impose." *Id.* at 986 (emphasis added).  To be sure, Baginski's exact

argument was not before the circuit.  But it is instructive that the circuit read "punishable by" to

refer to the predicate crime's *maximum* penalty.  In the same vein, the Supreme Court indicated

(albeit in a case where the petitioner did not dispute the meaning of the phrase) that it similarly

reads the statute to make a misdemeanor "a predicate for a felon-in-possession conviction" under

section 922(g)(1) "only if the offense is punishable by more than two years in prison."  *Logan v.*

*United States*, 552 U.S. 23, 27 (2007).  The precise argument Baginski raises was recently

considered and rejected unanimously by an *en banc* panel of the Third Circuit.  *Binderup v.*

*Attorney General*, --- F.3d ---, Nos. 14-4549, 14-4550, 15-1975, 15-1976, 2016 WL 4655736, at

*3 (3d Cir. Sept. 7, 2016) ("We disagree. The exception in § 921(a)(20)(B) covers any crime that

*cannot* be punished by more than two years' imprisonment. It does not cover any crime that *can*

be punished by more than two years in prison."). Other circuits have also interpreted the

statutory definition to exclude only those misdemeanors for which the predicate crime's

maximum penalty is no greater than two years.  *See, e.g.*, *United States v. Coleman*, 158 F.3d

199, 203–04 (4th Cir. 1998), *abrogated on other grounds by United States v. Royal*, 731 F.3d

333 (4th Cir. 2013); *United States v. Indelicato*, 97 F.3d 627, 628 n.1 (1st Cir. 1996); *United*

*States v. Schoolcraft*, 879 F.2d 64, 70 (3d Cir. 1989).

     Even though Baginski's specific statutory argument was not advanced in most of the

cases listed above, the Court hastens to add that several considerations confirm that these courts'

reading of the misdemeanor exclusion is the correct one.  First, while the phrase "punishable by"

certainly refers to a predicate crime's potential penalty, in American legal parlance the phrase is

typically used more specifically to connote only the *maximum* potential penalty.  This is true

even where, like here, reference is made to all crimes for which the maximum sentence falls

below a particular threshold. For example, the Supreme Court recently employed the phrase in

the course of describing its Sixth Amendment case law. As the Court explained, the right to a

jury trial does not attach to petty offenses. *See S. Union Co. v. United States*, 132 S. Ct. 2344,

2351 (2012). Whether an offense is petty is "measured by the 'severity of the *maximum*

*authorized* penalty,'" and the Court has established a rebuttable presumption that "offenses

*punishable by six months' imprisonment or less* are petty." *Id.* (emphasis added) (quoting

*Blanton v. City of North Las Vegas*, 489 U.S. 538, 541 (2012)). The D.C. Circuit has similarly

referred to misdemeanors as "offenses punishable by imprisonment for one year or less"—which,

under Baginski's understanding of the phrase, would oddly encompass all offenses also

punishable by more than a year that lack a mandatory minimum. *See Franklin v. District of*

*Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998). A third example is provided in the Federal Rules

of Criminal Procedure, which also uses "punishable by" in combination with a particular term of

imprisonment in the same way. Rule 7(a)(2) states that "[a]n offense punishable by

imprisonment for one year or less may be prosecuted in accordance with Rule 58(b)(1)"—that is,

by way of a criminal information or complaint, in lieu of an indictment—while an offense

punishable by "imprisonment for more than one year" must proceed by way of an indictment

unless the defendant waives prosecution by indictment. Fed. R. Crim. P. 7(a)(2), (b); *see also*

Fed. R. Crim. P. 58(b)(1).[3]

Moreover, Congress's use of "punishable by" in section 921(a)(20)(B) to refer to

misdemeanors for which the maximum incarcerative penalty does not exceed a particular term of

---

[3] Baginski offers Black's Law Dictionary as support for his argument, which does define "punishable," when used to refer to a crime or tort, as "giving rise to a specified punishment." *Black's Law Dictionary* 1353 (9th ed. 2009). But, consistent with the term's typical usage in statutes, court rules, and judicial opinions, the example Black's provides—"a felony punishable by imprisonment for up to 20 years"—ties that definition to a maximum penalty. *Id.*

years is consistent with at least one other provision in the U.S. Code where the phrase is used to classify offenses according to their potential punishment.  *Cf. Smith v. City of Jackson*, 544 U.S. 228, 233 (2005) ("[W]hen Congress uses the same language in two statutes having similar purposes . . . it is appropriate to presume that Congress intended that text to have the same meaning in both statutes.").  In 18 U.S.C. § 4083, Congress provided that individuals convicted of a federal offense "punishable by imprisonment for more than one year may be confined in any United States penitentiary," but individuals convicted for "an offense *punishable by imprisonment for one year or less*" cannot serve their sentence in a penitentiary "without the consent of the defendant."  18 U.S.C. § 4083 (emphasis added).  Consistent with the government's reading of the phrase "punishable by" in section 921(a)(20)(B), courts have interpreted section 4083's consent requirement to apply only to individuals convicted of a crime punishable by no more than a year imprisonment.  *See, e.g.*, *United States v. Smith*, 982 F.2d 757, 761 (2d Cir. 1992) (explaining that the provision is applicable to "those subject to no more than a year imprisonment").  Indeed, if the phrase were read otherwise, there would likely be few offenses for which consent would not be required.

Beyond his argument concerning section 921(a)(20)(B), Baginski does not identify a single instance in which Congress used the phrase "punishable by" untethered from a predicate crime's maximum punishment.  He does invoke the "basic canon of statutory construction that identical terms within an Act bear the same meaning."  *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 479 (1992).  Yet, as already explained, Baginski's argument extends the definition of "capable of being imposed" too far.  Given the consistent usage of "punishable by" to connote the predicate offense's maximum possible punishment, Congress's use in 922(g)(1) and 922(a)(20)(B) is consistent.  Nor does the Court believe that Congress's use of the qualifier "or

less," rather than "exceeding" commands a different interpretation.  The qualifier merely indicates that the term of imprisonment identified in section 921(a)(B)(20) operates as a ceiling, rather than a floor.  Thus, while a predicate offense must be subject to a maximum term of imprisonment of *no less than* a year to be "punishable by a term exceeding one year," a predicate misdemeanor offense must be subject to a maximum term of imprisonment for *no more than* two years, to be "punishable by two years or less."  In either case, Congress tasked courts with comparing the predicate offense's term of imprisonment with the relevant term identified in section 921(a)(20): two years for misdemeanors, and one year for other offenses.  In either case, the relevant comparison point is the *maximum* potential penalty of the predicate crime.

Ultimately, the Court does not lightly assume that, when Congress employed the phrase "punishable by" in section 921(a)(20)(B), it intended to depart from the consistent usage of that phrase.  And even if there existed some marginal doubt about Congress's intended meaning, the legislative history resolves it.  The House of Representatives Conference Report for the Gun Control Act of 1968, which discussed this provision, indicates that the House and Senate versions of the legislation initially sought to apply the firearm possession proscription to different sets of predicate crimes.  *See* H.R. Rep. No. 90-1956, at 28–29 (1956) (Conf. Rep.), *as reprinted in* 1968 U.S.C.C.A.N. 4426, 4428.  The House proposal applied to all crimes punishable by more than one year imprisonment, while the Senate proposal applied only to a "crime of violence punishable as a felony."  *Id.*  As a compromise, the conference adopted the current text of the statute.  *Id.* at 29.  Critically, however, the Conference Report described the new provision as excluding state offenses "classified by the laws of the State as a misdemeanor, and punishable by a term of imprisonment of *not more than 2 years*."  *Id.* (emphasis added). This description indicates that any misdemeanor punishable by more than two years *does* fall

within the statute, and the legislative history thus confirms that Congress intended to use the phrase "punishable by" to refer to the predicate offense's maximum potential punishment.[4]

Having found the statute clear, the rule of lenity and the canon of constitutional avoidance are inapplicable. *See, e.g.*, *Voisine v. United States*, 136 S. Ct. 2272, 2282 n.6 (2016) (explaining that "neither of those arguments can succeed if the statute is clear"). Moreover, the mere possibility that an as-applied constitutional challenge might succeed under some limited circumstances does not counsel in favor of reading the statute, generally, in the manner Baginski urges. *See Reno v. Flores*, 507 U.S. 292, 314 n.9 (1993) ("Statutes should be interpreted to avoid *serious* constitutional doubts, not to eliminate all possible contentions that the statute *might* be unconstitutional." (internal citation omitted)).

Baginski's predicate misdemeanor driving under the influence offense qualifies as a crime "punishable by imprisonment for a term exceeding one year," as that phrase is defined in section 921(a)(20)(B), because Massachusetts law makes that offense punishable by a term of imprisonment that exceeds two years. Accordingly, the government's motion to dismiss Count I is granted.

However, Baginski has plausibly pled facts which, if proven, might show that he falls within the core of the Second Amendment's protection and outside the presumptively lawful scope of section 922(g)(1). *See Schrader*, 704 F.3d at 988–89, 991. Therefore, Defendants' motion to dismiss is denied with respect to Count II.

---

[4] Moreover, although Baginski argues that his reading "makes more sense as written" and "reflects the familiar concept that serious crimes carry mandatory minimum sentences," Pl.'s Opp'n at 11, Baginski has not identified anything in the legislative history indicating this was a contemporaneous consideration, nor does the Conference Report's brief discussion of the addition of the misdemeanor exception make any reference to misdemeanor mandatory minimum sentences.

\*     \*     \*

Baginski has also filed a motion for summary judgment, of which the Court deferred consideration until it was able to assess the government's motion to dismiss.  In its motion to stay summary judgment briefing, the government indicated that "if Plaintiff's claims survive a motion to dismiss, [those claims] may require further factual development before the parties can meaningfully brief summary judgment."  Defs.' Mot. Stay Summ. J. Briefing & Extension Time at 3, ECF No. 15.  The government raised the possibility that it might seek to pursue discovery concerning Baginski's personal circumstances.  *Id.* at 4.  In light of the Court's determination that an analysis of Baginski's personal circumstances—and whether he is a "'law-abiding, responsible citizen[]' whose possession of firearms is, under *Heller*, protected by the Second Amendment"—will be relevant to at least some part of the Second Amendment analysis, some discovery might be warranted.  *Schrader*, 704 F.3d at 991 (quoting *Heller*, 554 U.S. at 635)).  Thus, Baginski's motion is premature and the Court will deny it at this time, without prejudice, to allow the government to take the discovery that it has asserted it needs.

## V.  CONCLUSION

For the foregoing reasons and those stated during the January 10, 2017 status conference, the government's motion to dismiss (ECF No. 10) is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's motion for summary judgment (ECF No. 13) is **DENIED WITHOUT PREJUDICE**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  January 23, 2017                                    RUDOLPH CONTRERAS
                                                            United States District Judge