**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Mark BAGINSKI,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Jefferson B. SESSIONS, in his capacity as  )<br>ATTORNEY GENERAL of the United States, et al.,)<br>  )<br>  Defendants.  )<br>  ) | Case No. 15-1225-RC |

**JOINT STATUS REPORT**

Pursuant to the Court order dated June 26, 2017 (ECF No. 31), counsel for the parties have conferred and jointly propose a schedule for the completion of discovery, with one area of dispute.

**Plaintiff's Position.**

Plaintiff maintains that expert discovery is inappropriate in this matter. At most, expert testimony would prove what is already conceded—the law's presumptive validity. This case does not involve a facial challenge to 18 U.S.C. § 922(g)(1), and Plaintiff concedes that the government has an important, even critical interest, in regulating firearms in the interest of public safety. Accordingly, Plaintiff further concedes that the government may disarm dangerous individuals in furtherance of that interest.

The only question here is whether *Plaintiff* is a dangerous person, such that *his* disarmament furthers the constitutionally-legitimate governmental interest in public safety. *Schrader* v. *Holder*, 704 F.3d 980, 991 (D.C. Cir. 2013). All that matters is whether Plaintiff is within the Second Amendment's protected class. Alternatively, as Judge Ambro's opinion in *Binderup* v. *Attorney General*, 836 F.3d 336 (3d Cir. 2016) (en banc) offers, a preliminary

question would be whether driving under the influence of alcohol is a "serious" crime, and if not, whether the government can sustain its burden of proving that Plaintiff is a dangerous person. While "there are no fixed criteria for determining whether crimes are serious enough to destroy Second Amendment rights," *id.* at 351 (Ambro, J.), none of the factors suggested by Judge Ambro—the crime's classification, the maximum potential punishment, whether the crime involved violence, the sentence actually received, and any cross-jurisdictional consensus as to severity—would be the subject of expert opinion.

As for Plaintiff's dangerousness, if any, either as the sole inquiry (as Plaintiff prefers) or as a step-two matter (under Judge Ambro's approach), that much would be a *judicial* determination. The most that an expert could establish is whether there is a basis to determine that people generally convicted of driving under the influence should be disarmed. The Supreme Court believes that DUI is not "relevan[t] to the possibility of future danger with a gun," and does not "show an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." *Begay* v. *United States*, 553 U.S. 137, 146 (2008); *Leocal* v. *Ashcroft*, 543 U.S. 1 (2004); *see also United States* v. *Tiger*, 538 F.3d 1297 (10th Cir. 2008).

In any event, Plaintiff is not challenging Section 922(g)(1)'s application generally as against those convicted of driving under the influence, he is challenging the application of this provision against *him*. The Plaintiff already concedes that Section 922(g)(1) is presumptively valid. And Congress did not legislate with DUI's in mind. Even under intermediate scrutiny, "[t]he justification must be genuine, not hypothesized or invented *post hoc* in response to litigation." *United States* v. *Virginia*, 518 U.S. 515, 533 (1996).

In sum, DUI is dangerous, and properly illegal. Whether it generally merits permanent disarmament isn't an issue in this case. There is no dispute that Section 922(g)(1) is, on its face, constitutional, and no challenge to its application generally against people convicted of DUI (in the one state in the Union where such a conviction, without more, triggers the prohibition). There is no dispute as to the government's interest in public safety. The bulk of the government's initial disclosures indicates a desire to litigate the dangers of driving under the influence. Plaintiff is constrained to note that this is not a productive road for further litigation, and expert discovery on such topics would be a waste of time.

**Defendant's Position.**  Defendants have not made a final determination whether to use an expert witness, but Defendants are of the view that expert discovery may be appropriate in this matter.  Although there is no settled law on the standard for an as-applied challenge in this context, expert testimony as to factual matters could theoretically be relevant to determining, for example:  whether the law advances an important government interest, whether the law is substantially related to that interest, whether Plaintiff's crime was serious or dangerous, or whether he poses some increased risk of misuse of a firearm based on his criminal record or other factors.  Two of the questions before the Court could be whether Plaintiff's serious crime justifies disarmament in light of the risks posed by drunk driving and whether these risks relate to firearms misuse.  Even under Plaintiff's theory that his unique circumstances warrant an exception from a facially valid law, the risks posed by his unique characteristics and criminal history could in theory be an appropriate subject for expert testimony.[1]

---

[1] Plaintiff misconstrues *Begay* v. *United States*, 553 U.S. 137 (2008).  The Supreme Court held that driving under the influence was not a "violent" crime for the purposes of mandatory minimum sentences under the Armed Career Criminal Act for felony gun possession, not that drunk drivers are not insufficiently dangerous to be disarmed.  *Begay,* 553 U.S. at 146.  Congress chose to define the category of criminals subject to a firearms disability differently, presumably because the dangers of irresponsible gun users go beyond planned violence.  While drunk driving

Moreover, Plaintiff's suggestion that experts have no role to play in this matter puts the cart before the horse.  The relevance and utility of a particular expert report or testimony would best be determined at summary judgment or via motions practice based on concrete discovery, *see* FRCP 56, L.R. 7, not by impeding the parties' ability at the outset to conduct discovery and to preclude an expert not yet identified and a report not yet written.

**Joint Proposal.**  Subject to the above disagreement, the parties propose the following schedule for the Court to enter:

- Proponents of expert testimony, if any, will make the disclosures required by Rule 26(a)(2) on or before September 1, 2017.

- October 6, 2017 – To the extent any party wishes to offer expert testimony to contradict or rebut proffered experts, pursuant to Rule 26(a)(2)(D), such disclosures will be made by October 6, 2017.

- November 8, 2017 – The parties propose that all discovery be conducted so as to conclude by November 8, 2017.

Dated:  July 10, 2017               Respectfully Submitted,

                                    CHAD READLER
                                    Acting Assistant Attorney General

                                    JOHN TYLER
                                    Assistant Director, Federal Programs Branch

                                    */s/Amy E. Powell*
                                    AMY E. POWELL
                                    Trial Attorney
                                    U.S. Department of Justice, Civil Division
                                    Federal Programs Branch

---

may not be a "violent felony," as the Supreme Court noted, it is both serious and extremely dangerous.  *See id*. at 141 ("Drunk driving is an extremely dangerous crime.").

        20 Massachusetts Ave., N.W., Room 5377
        Washington, D.C. 20530
        Tel.:   (202) 514-9836
        Fax.:  (202) 616-8470
        Email: amy.powell@usdoj.gov

*Attorneys for Defendants*